Per curiam.

This action is broughtagainst twodefendants,founded upon a joint contract by both. The declaration counts upon a joint promise, and at the trial, this promise must be proved expres sly *143 as laid, or the plaintiffs will be liable to be nonsuited. One of the defendants pleads the general issue; while the other interposes a plea in abatement to the whole suit, founded upon matters, which are applicable merely to himself. This plea cannot be sustained; for the cause of action being joint, against the two defendants, nothing can abate the suit, which is not pleaded by both. One of two joint defendants cannot plead any matter in abatement of a joint suit, which is applicable to himself alone; for the plea, in such case, does not reach the whole cause of action. The plea must be sufficient to defeat the suit against both defendants; and to accomplish that, the joint defendants must unite in the plea, Here the defendant, Parsons, pleads the service of a process of foreign attachment upon him alone in Connecticut, and'sets it up by way of defence to an action against himself and Jewett, founded upon a joint promise by both. To make this defence available in any point of view, both defendants must unite therein-
The plea may be considered as defective in another particular.. There is no averment, that the suit pending in Connecticut, is for the same debts, or on the same promises, which are set forth in the declaration. The plea avers,that Parsons (individually) is not indebted to the plaintiffs upon any other account than for the funds in his hands under the assignment. The promises here relied on, are the joint promises of both defendants, and may be entirely distinct from those specified in the plea.
The principle, upon which the defendant intended to rest his plea, is doubtless correct, both in its general equity and by express adjudications. Had the process of foreign attachment in Connecticut been served upon both defendants, and had they joined in the plea, their defence to the action must have been effectual. If the funds in the hands of a trustee are withdrawn from him by the authority of a court of competent jurisdiction, he never can be called upon by any other tribunal for the same money. But here the defence must fail, because the defendants have not united in the plea which is interposed. There must be judgment for the plaintiffs on the demurrer ; but the defendant *144 has leave to withdraw his plea on payment of costs, and to answer over.
Judgment for the plaintiffs on the demurrer.
[W. P. Hawes, atty for the plffs. W. S. Johnson, atty for the deft Parsons. J. W. Gerard, atty for Jewett.]
Note. The authorities upon the subject of pleas by several defendants may be found collected in Archbold’s Pleadings, 338. 255. Chit. Plead. 447., 553. and in Steph. on Plead. 270. This last author in a note observes, “ it is said, that several defendants cannot sever in dilatory pleas and for this he cites Hob. 245.